## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:17CR00036-001 |
| | : | |
| v | : | |
| | : | (Hon. Judge Gregory M. Sleet) |
| | : | |
| AKEEM BEAZER, | : | |
|         DEFENDANT | : | |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
POSITION REGARDING SENTENCING**

COMES NOW, the Defendant herein, Akeem Beazer, through undersigned counsel, and pursuant to Fed. R. Crim. P. 32(i)(3) and 18 U.S.C. §3553(a), to provide Probation and the Court with relevant information to consider in determining a sentence that is no greater than necessary to achieve the goals of sentencing under §3553(a)(2) in response to the final PSR.  In support, the Defendant states as follows:

1.  As an initial matter, the Defendant submits that he pleaded guilty to the instant offense, and stands before this Court accepting of its punishment.  In making these objections the Defendant in no way minimizes his conduct, as he recognizes that his crime was serious and requires punishment from this Court.

**Defendant Background**

2.  Akeem Rashaun Beazer (hereafter Akeem) was born in Fort Lauderdale, Florida, to Arlington and Samantha Beazer (both living), and is presently 21 years old.  He was approximately 20 years old when he committed the offense to which he pled guilty.

1

3. While growing up in Florida, Akeem developed a strong interest in technology and computer software and programing.  His interest in technology led, in part, to his decision to join the United States Air Force where (based on his service records) he has learned quickly and excelled.

4. While serving in the Air Force at Dover Air Force Base, Akeem was separated from his family for the first time and appears to have struggled in making wise choices in friendships.  The presence of Dalian Washington in his life exposed him to people and circumstances that he had never been exposed to or experienced before.  While not in any way diminishing his responsibility for his actions, Washington's presence can shed light on how he went from a respectable young man with a solid Air Force career ahead of him to the charges in this case.

5. When Akeem met the complaining witness in this case through Mr. Washington he did not know and had no reason to believe she was underage.  Nothing in the PSR indicates that he initiated the first sexual encounter or that he sought out the complaining witness as a sexual partner.

**Objection to the Application of a Victim Related Adjustment Pursuant to U.S.S.G. §3A1.1(b)(1).**

6. The Third Circuit employs a three-part test to determine whether a vulnerable victim enhancement is applicable.  It may only be applied where (1) the victim was particularly susceptible or vulnerable to the criminal conduct; (2) the defendant knew or should have known of this susceptibility or vulnerability; and (3) this vulnerability or susceptibility

facilitated the defendant's crime in some manner; that is, there was "a nexus between the victim's vulnerability and the crime's ultimate success." United States v. Zats, 298 F.3d 182, 186 (3d Cir. 2002) (quoting United States v. Iannone, 184 F.3d 214, 220) (3d Cir. 1999)).

7. The Defendant contends a condition that occurs as a necessary prerequisite to the commission of a crime cannot constitute an enhancing factor under § 3A1.1. The vulnerability that triggers § 3A1.1 must be an "unusual" vulnerability which is present in only some victims of that type of crime. Otherwise, the defendant's choice of a likely victim does not show the extra measure of criminal depravity which § 3A1.1 intends to more severely punish. The circumstances of this case do not show any evidence of an extra measure of criminal depravity warranting this enhancement or that Akeem "chose" the victim because she was vulnerable. In fact, by all accounts, Akeem did not know she was 15 until after their first sexual encounter which the victim initiated (Presentence Report Paragraphs 28-29). One of the factors indicated in the Presentence Report regarding the vulnerability of the victim and Akeem's knowledge of her vulnerability is a comment in a Facebook message where he said she was "bipolar" (Presentence Report Paragraph 45). This comment in a casual conversation was not an acknowledgement that Akeem knew the victim had a mental illness but merely a comment on her rapidly changing her mind about what she wanted. Taking this comment out of context as proof of knowledge of a mental illness is inappropriate. Without clear evidence demonstrating that something other than the victim's age made her vulnerable or that

he displayed as extra measure of criminal depravity and "chose" or targeted her based on a specific vulnerability, Mr. Beazer does not believe the two point enhancement is justified. United States v. Moree, 897 F.2d 1329, 1336 (5th Cir.1990) and United States v. Zats, 298 F.3d 182 (3rdCir.2002).

**Traditional §3553 factors**

8. Section 3553(a) is comprised of two distinct parts; the so-called "sentencing mandate" contained in the prefatory clause of Section 3553(a) and the "factors" to be considered in fulfilling that mandate. The overriding mandate of §3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in Section 3553(a)(2): (a) retribution; (b) deterrence; (c) incapacitation; and (d) rehabilitation. United States v. Yeaman, 248 F.3d 223 (3d Cir. 2001).

9. The sufficient-but-not-greater-than-necessary requirement is often referred to as the "parsimony provision." The parsimony provision is not just another "factor" to be considered along with the others set forth in Section 3553(a). Instead, it sets an independent limit on the sentence a court may impose. See United States v. Flores, 454 F.3d 149 (3d Cir. 2006). Since §3553(a) requires a sentence to be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes is reversible, even if within Guideline range. Id.

10. In determining the sentence minimally sufficient to comply with the Section 3553(a)(2) purposes of sentencing, the court must consider several factors listed in

Section 3553(a). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

United States v. Istrefi, 280 Fed. Appx. 217(3d Cir. May 23, 2008). While district courts must in all cases "consider" the Guideline range, United States v. Booker, 543 U.S. 220, 245-46 (2005), the Guidelines do not subordinate the other factors in §3553(a). Rather, it is the parsimony provision that serves as "the guidepost for sentencing decisions post-Booker." United States v. Ferguson, 456 F.3d 660, 667 (6th Cir. 2006).

11. Sentencing courts have a duty to consider many factors that the Guidelines specifically exclude from consideration – even factors prohibited by the formerly mandatory Guidelines – in determining the type of sentence that satisfies the sentencing mandate of §3553(a). See, United States v. Ausburn, 502 F.3d 313 (3d Cir. 2007) (declining to address whether sentences within the Guidelines range were per se reasonable, holding that as long as the sentence complied with 18 U.S.C. §3553(a), the sentence was reasonable).

12. The sentencing judge, after considering §3553(a) and §3661 factors (including the Guidelines), has full discretion to sentence anywhere within the statutory range. If the

Booker Court thought otherwise – if it thought the Guidelines not only had to be 'considered' (as the amputated statute requires) but had generally to be followed – its opinion would surely say so. Booker, 125 S. Ct. at 791 (Scalia, J., dissenting). Likewise, if the remedial majority thought the Guidelines had to be given "heavy weight," its opinion would have said so. The remedial majority clearly understood that giving any special weight to the Guideline range relative to the other factors would violate the Sixth Amendment.

13.  A sentence may be unreasonable if it is the product of a procedure that does not follow Booker's requirements, regardless of the actual sentence. After a district court has accurately calculated the Guideline range, it may impose a more severe or more lenient sentence as long as the final sentence is reasonable.  Ausburn, *supra*; United States v. Cooper, 437 F.3d 324, 327-28 (3d Cir. 2006).

14.  In keeping with the sentencing mandate under 18 U.S.C. §3553(a), this Court is required to impose a sentence that is "sufficient, but not greater than necessary to achieve the goals of sentencing."  Mitigating factors that this Court should take into consideration under §3553(a) include: (1) the Defendant's lack of criminal history when he committed the offenses, as well as his remorse; (6) the failure of the Guidelines to support a viable sentence.

15.  A sentence within the guideline range within this case does not properly address the age and naivete of Akeem nor does it account for his willingness to volunteer to serve his country.

16.  The Defendant respectfully submits that, in light of the decisions issued in cases such as <u>United States v. Booker</u>, 125 S.Ct. 738 (2005) and <u>Kimbrough v. United States</u>, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007), this Court is free to issue a sentence in compliance with 18 U.S.C. §3553 that is fair, based upon the specific facts of this case. Under these circumstances, a lesser sentence is sufficient to satisfy the goals of retribution, deterrence, incapacitation, and rehabilitation.

17.  Such a sentence would consist of a range of 12 months to 18 months. Such a sentence is more reflective of the sentencing mandates of §3553.  As Abraham Lincoln is credited with saying, "I have always found that mercy bears richer fruits than strict justice."  In this case given Akeem's age, acceptance of responsibility, military service, and the particular facts of this case, mercy can and will bear richer fruit than strict justice.

   WHEREFORE, in light of the foregoing, the Defendant respectfully requests that this Honorable Court take into consideration the above prior to imposing the sentence on the Defendant.

                                        Respectfully Submitted,


                                        ***/s/ R. Davis Younts, Esq.***
                                        R. Davis Younts, Esq.
                                        Attorney for the Defendant
                                        4031 North Front Street
                                        Harrisburg, PA 17110
                                        (717) 412-4676 (voice)
                                        (717) 412-4679 (facsimile)
                                        dyounts@crisplegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Memorandum of Law in Support of the Defendant's Position Regarding Sentencing, with the United States District Court for Delaware by using the CM/ECF system. I certify that the following attorney for the opposing party, the United States, is registered an ECF Filer and will be served by the CM/ECF system: Office of the Assistant United States Attorney, Elizabeth L. Van Pelt.

                                                ***/s/ R. Davis Younts, Esq.***
                                                R. Davis Younts, Esq.
                                                Attorney for the Defendant